ANTON WEIDMANN, Appellant, *against* CHARLES P. CHAMPION *et al.*, Respondents.

(Decided June 30th, 1884.)

A bought note, signed and delivered to the purchaser of goods, by a broker as agent for the vendors, and also signed by the purchaser, as evidence of his assent to the contract, is sufficiently subscribed as a note or memorandum of the contract, within the meaning of the Statute of Frauds, although the broker neglects to sign the other note of the sale delivered by him to the vendors. Nor is it material that the sold note does not contain the name of the vendors, or that another name is printed upon it, if it is delivered to and accepted by them. And the purchaser's signature of the bought note, and a demand by him of the goods with an offer of payment for them, are sufficient proof of a promise on his part to pay for the goods, as a consideration for the contract.

Weidmann *v.* Champion.

APPEAL from a district court in the City of New York.

The facts are stated in the opinion.

CHARLES P. DALY, Chief Justice.—The judge below has not stated upon what ground he rendered judgment for the defendants; but as the argument of the respondent, in support of the judgment, is put entirely upon the ground that the contract was void, under the Statute of Frauds, for the want of a sufficient memorandum in writing, we may assume that it was upon that ground that the justice gave judgment for the defendants. His decision was erroneous. The bought note, signed by the broker Bauer, was delivered by him to the plaintiff, and, to satisfy the Statute of Frauds, it was a sufficient written memorandum of the agreement, the plaintiff having also signed it as evidence of his assent to the contract. The note had subscribed to it the name Bauer, and as Bauer, when the instrument was shown to him, swore that he delivered it to the plaintiff, this should be regarded, on appeal, as sufficient evidence of the delivery of the note signed by Bauer; because, if the defendants were not satisfied with this evidence, they should have taken the objection below, that the signature was not shown to be in his handwriting, and he could then have been examined upon that point; it being a familiar rule that where no objection is made upon the trial, for a want of proof which might then have been supplied, it is too late to make the objection for the first time in the appellate court.

The defendants are the parties sought to be charged in this action, and the broker Bauer, acting as their agent— for, upon this point, no question was made in the case— having delivered a note to the plaintiff as buyer, stating the terms of the contract, and signed by him, it is immaterial that he neglected to sign the note or memorandum in writing of the sale, that he delivered to the defendants as the sellers (*Justice* v. *Lang*, 42 N. Y. 493 & 52 N. Y. 325; *Sale* v. *Darrow*, 2 Hilt. 184; *Thompson* v. *Gardner*, Eng L. R. 1 Ch. Div. 777).

It is true, as the appellant argues, that where the bought and sold notes vary, and there is no signed entry in the broker's books nor in any other form in writing, showing the bargain, there is no valid contract. But there is no variance between the two notes in this case, creating any doubt as to the terms of the agreement. The difference between them is immaterial and in no way affects the terms of the contract. The sold note does not contain the name of the defendants, but there was a delivery of it to, and an acceptance of it by them from the broker. The one note says about the middle of April, and the other about the 15th of April, which is substantially the same thing; and that the name of J. L. Smith is printed on the sold note, is immaterial. It is not, and could not be a subscription of the note under the statute.

It was held by the Court of Appeals in the case cited, of *Justice* v. *Lang*, that, where a party accepted from another his written agreement to deliver goods at a specified price and promised to pay for them on delivery, the promise, though not valid at law, was a good consideration in support of the written agreement.

The appellant insists that whether there was a verbal agreement on the part of the plaintiff to buy, was a question of fact for the court below; and as the court decided in favor of the defendants, it must be presumed that the judge found that there was no such agreement, and that therefore the bought note or written memorandum was void, there being no consideration for it.

In *Justice* v. *Lang*, the question in the case was whether an oral promise on the part of the buyer to pay for the goods could be implied from the circumstances; and on the last hearing of the case, (52 N. Y. 325), it was held that the fact was not directly proved; but only facts and circumstances were shown, bearing more or less cogently on the main fact, leaving their force and weight and the just and reasonable inference to be deduced from them a question for the jury. But there is no want of direct proof in this case of a promise on the part of the plaintiff; for the

very note on which he seeks to recover is signed by him; and he testifies that he signed it as the contract; in addition to which he demanded the goods, and tendered his note therefor, according to the terms of the contract, which the defendant refused to accept and deliver the goods; so that, if the justice had held that there was no corresponding promise or offer on the part of the plaintiff to comply with the terms of the contract, the finding would have been in direct conflict with this evidence, and could not be sustained.

The judgment, therefore, should be reversed, and a new trial ordered, on the ground that there was a sufficient memorandum in writing to satisfy the Statute of Frauds, coupled with the promise or offer of the plaintiff to pay for the goods, in the manner provided for in the written memorandum, drawn up, signed and delivered by the broker to the plaintiff.

LARREMORE and BEACH, JJ., concurred.

Judgment reversed and new trial ordered.